SAILLARD *vs.* WHITE.

APPEAL FOM THE PARISH COURT, FOR THE PARISH AND CITY OF
                              NEW-ORLEANS.

In proceeding by a *writ* of seizure and sale against mortgaged property,
which has passed into the hands of a third possessor, *three days
notice* must, in all such cases, be given to the defendant, *after
seizure*, before the property is advertised for sale.

This is an executory proceeding, against a lot of ground
in the hands of a third possessor.   The plaintiff alleges in
his petition that he sold to one Robert Turner, a lot of
ground, and received his notes, payable by instalments for
the price, and retained a special mortgage to secure pay-
ment : that about nine hundred dollars remains due on the
first note, &c. ; which he has in vain demanded payment of
said Turner, for more than thirty days ; and prays that an
order of seizure and sale issue against said lot, now in the
possession of the defendant ; and that it be seized and sold
to satisfy his demand.

On the 4th June, after the writ and proceeding had been
duly notified to the defendant, and the legal delay allowed,
for him to pay the demand, a rule was taken by the plaintiff
on him, to show cause why the property should not be seized
and sold, in conformity with the prayer of the petition.

On the 20th August, the sale under the writ of seizure
was arrested by an injunction, principally on the ground
that the defendant never received from the sheriff the *three
days notice* required by law, *after seizure, and before advertising*
the property for sale.

On a rule taken by the plaintiff, to have the injunction
dissolved, it was discharged, and the injunction perpetuated.
The plaintiff appealed.

*Bodin*, for the appellant, insisted, that the three days notice
after seizure, before advertising, was not required in cases
like this, of an order of seizure and sale, and cited judge

Martin's dissenting opinion, in the case of Grant & Olden *vs.* EASTERN DIST.
Walden.  6 *Louisiana Reports*, 623.                    *May,* 1839.

SAILLARD
*vs.*
WHITE.

*Cohen,* contra, relied on the case of Grant & Olden *vs.*
Walden, in 6 *Louisiana Reports,* 623, as conclusive in favor
of the defendant ; also, *Code of Practice, article* 745.

*Rost, J.,* delivered the opinion of the court.

The petitioner obtained an order of seizure, on a mortgage
retained by him upon property which had since passed into
the hands of a third possessor.  Due notice having been
given to the said third possessor, the sheriff proceeded to
seize the mortgaged property, and advertised it to be sold at
public auction, without giving the defendant three days
notice between the seizure and the ‡advertisement.  The
defendant enjoined the sale upon that ground.

The petitioner took a rule upon the defendant, to show
cause why the injunction should not be set aside and dis-
solved.  The rule was tried, and the court of the first instance,
considering that the three days notice, required by law, after
the seizure, and before the advertisement, had not been
given to the defendant, discharged the rule, and the plaintiff
appealed.

This case is not to be distinguished from that of Grant &
Olden *vs.* Walden, 6 *Louisiana Reports, page* 623, in which it
was held, that after the seizure, three days notice must, in
all cases, be given to the defendant, before the property
seized is advertised.  This question may, when it was first
presented to this court, have admitted of some doubt ; but
we will now abide by the former decision.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Parish Court be affirmed, with costs.

In proceeding
by a *writ* of sei-
zure and sale
against mortgag-
ed property,
which has pass-
ed into the hands
of a third posses-
sor, *three days
notice* must in all
such cases, be
given to the de-
fendant *after sei-
zure,* before the
property is ad-
vertised for sale.