### R. M'CARTY *vs.* J. P. M'CARTY.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF ST. MARY,

THE JUDGE OF THE SIXTH PRESIDING.

Where seizure is made and notice given on the 21st June, and the advertisement is dated the 24th of the same month, it will be considered as one day too early. Three days should intervene between the notice of seizure and the advertisement.

A sale of real property cannot be legally made by a sheriff until the 34th day after the seizure. But if this time is given, it cannot be objected that the advertisement was posted up a day or two sooner than was required.

A clerical error in the description of a piece of land in the sheriff's advertisement, not calculated to mislead the party interested, is immaterial.

Interest on the dissolution of injunctions cannot exceed ten per cent.; if the judgment enjoined bears ten per cent. interest, all above that sum which is allowed must be in the way of damages if the injunction is dissolved.

This suit commenced by injunction. J, P. M'Carty having obtained a judgment on a promissory note of the plaintiff for $3175, with ten per cent. interest, issued execution and was proceeding to sell a tract of land, when stopped by injunction. The plaintiff alleges that when suit was pending in which said judgment was rendered, he pleaded several matters and demands in reconvention which were rejected, and for which he has instituted a separate suit, against the said defendant, and attached the judgment in question. He further alleges that notwithstanding this, execution issued and has been levied on a tract of land, situated on the east side of Bayou Teche, but the sheriff has advertised a tract of land situated on the west side of said bayou for sale. He prays for injunction to stay all further proceedings in said sale and that he have judgment perpetuating the same with costs.

The defendant set out various grounds for the dissolution of the injunction, and prayed that it be dissolved with damages and costs.

On hearing the parties, and examining the papers and documents relative to the seizure and advertisements, there was

judgment dissolving the injunction with ten per cent. inte- <span style="float:right">WESTERN DIS.</span>
rest, and five per cent. damages and costs; and that the sheriff <span style="float:right">September,1841.</span>
proceed with the sale as if no injunction had issued.

The plaintiff appealed.

*Splane,* for the plaintiff and appellant.

*Maskell & T. H. Lewis,* for the defendant.

*Garland, J.* delivered the opinion of the court.

The plaintiff has obtained an injunction in this case to arrest the execution of a judgment which the defendant had obtained against him for $3175, with ten per cent. interest and costs, alleging that the defendant was indebted to him (the plaintiff) in a sum nearly sufficient to extinguish the said judgment. That he had commenced a suit by attachment which had been levied on said judgment, notwithstanding which the defendant was going on to execute the same, and had actually had an execution issued and levied on a tract of land situated on the *east* side of the bayou Têche, in the parish of St. Mary, belonging to him (plaintiff) and was proceeding to have the same sold by the sheriff. He says if the sheriff is permitted to proceed to collect the money on said execution, he will lose the benefit of his attachment; and he further alleges that the sheriff in his proceedings had acted illegally, in this, that he advertised for sale the property seized, before the expiration of the three days notice of seizure required to be given by articles 654 and 655 of the Code of Practice; also that in the advertisement he had described the tract of land seized as situated on the *west* bank of the bayou Têche, when in the seizure and notice thereof, it is described as being on the *east* bank.

The defendant presents many grounds of defence, which it is not material now to notice; there was a judgment dissolving the injunction and the plaintiff appealed.

The first ground of complaint is disposed of by the decision rendered by the court below in the attachment case, which we have affirmed; *ante,* 296.

WESTERN DIS.
September,1841.

R. M'CARTY
vs.
J. P. M'CARTY.

Where seizure is made and notice given on the 21st June, and the advertisement is dated the 24th of the same month, it will be considered as one day too early. Three days should intervene between the notice of seizure and the advertisement.

A sale of real property cannot be legally made by a sheriff until the 34th day after the seizure. But if this time is given, it cannot be objected that the advertisement was posted up a day or two sooner than was required.

The second objection is, that three days did not elapse between the service of the notice of seizure and the posting up of the advertisement. The article 654 of the Code of Práctice requires this notice, and the articles 655 and 667 say three days are to elapse previous to advertising. The seizure was made and notice given on the 21st of June, 1837, the advertisement is dated the 24th of the same month, and the sale to take place on the 31st day of July. We think the advertisement was made one day too early. Three days should intervene between the notice of seizure and the advertisement; C. Pr., articles 180, 318 ; in all cases where the sale is to take place precisely thirty days from the day of advertising ; or in other words a sale of real property cannot be legally made by a sheriff until the thirty-fourth day after the seizure. If this time is given we do not think it a fatal objection that the advertisement was posted up a day or more too early. The object of the law is to give the debtor three entire days to pay the debt, if he wishes to do so. If on the last day of grace he pays the debt, and the sheriff has in the meantime advertised the property seized, the debtor would not be liable for the cost of the advertisement, because he had a time fixed within which he might pay ; but if he does not pay, we are unable to see what injury or injustice can be done by advertising the sale the longest time, possible. The decisions of this court in 14 La. Rep., 84, and 6 Idem, 23, are based upon an entire want of notice of the seizure previous to advertising, and can easily be distinguished from this. In the present case forty days were to elapse from the time of seizure to that of sale, which gives ample time for the advertisement to have effect after the expiration of the three days allowed for notice.

The third objection, is that in the advertisement, the land seized is said to be on the *west* bank of the bayou Têche, whilst in the seizure and notice, and in fact, it is on the *east* bank. The boundaries, quantity and description in every particular are similar in the notice of seizure and advertisement

except in the instance mentioned. It is not alleged or in evidence that the plaintiff had any land on the west bank of the bayou; he knew very well what property was seized; if the sheriff had have been permitted to go on with the sale, it is more than probable he would have referred the appraisers to the seizure he had made than to the advertisement, for a description of the property, and if he had not, the plaintiff had the necessary information to correct him. We look upon it as an error *currunte calamo*, entirely insufficient to sustain the injunction. If any injury was likely to result from it, the plaintiff might have opposed it as an objection whenever a monition should be applied for. The description of the property is so ample in all other respects, as to make it certain notwithstanding this error; if it had been carried out in the sheriff's sale and return on the execution, and it had been shown the plaintiff had land and a crop on the west bank of the bayou, the mistake might be considered more serious in its consequences.

WESTERN DIS. September,1841.

R. M'CARTY vs. J. P. M'CARTY.

A clerical error in the description of a piece of land in the sheriff's advertisement, not calculated to mislead the party interested is immaterial.

The appellant further contends there is error in the judgment dissolving the injunction in allowing the defendant ten per cent. interest on the amount of the original judgment, besides damages at the rate of five per cent. on the amount. In this, we think the judge erred. The original judgment bears interest at the rate of ten per cent. per annum from the time it became due until paid. When this is the case, we are of opinion a proper construction of the act of 1831, p. 102, sec. 3, does not authorize the annual interest to be increased beyond ten per cent., whatever else that may be allowed must be in the way of damages. But as the court below, very probably fixed the damages at five per cent. in consequence of giving interest at ten per cent. per annum, we think the judgment in relation to interest and damages should be amended.

Interest on the dissolution of injunctions cannot exceed ten per cent.; if the judgment enjoined bears ten per cent. interest, all above that sum which is allowed must be in the way of damages, if the injunction is dissolved.

It is therefore ordered and decreed that the judgment of the District Court be affirmed so far as it dissolves the injunction, and reversed so far as it allows ten per centum interest on the amount of the judgment, and five per cent. damages, and pro-

WESTERN DIS. ceeding to give such judgment as, in our opinion, ought to have
September,1841. been rendered by the court below, it is ordered and decreed
the defendant James P. M'Carty, recover of the plaintiff, Ro-
bert M'Carty, damages at the rate of ten per cent. on the
judgment for $3175, with the interest due thereon, on the 26th
day of July, in the year 1837, the day the injunction issued ;
the costs in the District Court to be paid by the plaintiff and
appellant, and those of this court to be paid by the defendant
and appellee.