CHRISTOPHER H. DABBS *v.* BERNARD HEMKEN and another.

The trial of an injunction is a summary proceeding, in which neither party is entitled to a jury.

In an action against a seizing creditor and the sheriff, in which plaintiff prayed for an injunction and damages, he cannot call upon the latter to testify as a witness. He must release him, or propound interrogatories to him as a party.

An amended petition propounding interrogatories to a party to the action, offered after the trial has commenced, will be too late.

As a general rule, amendments should be admitted where the justice of the case will be promoted thereby, but they must be presented before going to trial. The case must be an extraordinary one, to justify the reception of an amendment after the trial has commenced; and the amendment must not be calculated to produce delay.

The circumstance, that the sale of property seized under execution was advertised before the expiration of the three days allowed for notice of the seizure, is immaterial.

Where sufficient property could not be found, or has not been seized to satisfy an execution, a further seizure may be made when the deficiency is discovered, or other property found. Where more property has been seized than sufficient, the remedy is pointed out by arts. 652 and 653 of the Code of Practice. Such an over seizure will not authorize an injunction.

A proper construction of the third section of the act of the 25th March, 1831, will not authorize the court, on dissolving an injunction, to increase the interest, where the original judgment bears interest at ten per cent a year. Whatever else it may be proper to allow, must be in the form of damages.

APPEAL from the District Court of Ouachita, *Boyce,* J.

*Copley,* for the appellants.

*McGuire,* contra.

GARLAND J. The plaintiff avers that Stevens, the sheriff of the parish of Ouachita, had levied on certain property under two executions in favor of Hemken, and was about to sell it contrary to law. He alleges :

*First.* That the sheriff refused to seize several tracts of land in the parish when pointed out to him by the present plaintiff, but insisted on taking other property, moveable and immoveable, and advertised it for sale.

*Second.* That the sheriff did not wait three days before advertising the property for sale.

*Third.* That the sheriff has not three executions in favor of Hemken, but only two.

*Fourth.* That the property first seized was sufficient to satisfy

the executions, and the seizure of more was illegal and oppressive, and.unnecessary to pay the debts.

*Fifth.* That he has a judgment in the Parish Court against Hemken, which he is entitled to compensate against one of the judgments on which execution had issued.

*Sixth.* That the sheriff had no right to make an additional seizure of property, without first calling on the petitioner, and giving him notice; and that seizing contrary to his will, is illegal.

*Seventh.* That the sheriff has advertised the property for sale for cash, whereby he will be deprived of the benefit of appraisement.

He prays for an injunction, and judgment, *in solido*, for $3000 damages, against Hemken and the sheriff.

The property seized, consists of two houses and lots in the town of Monroe, a slave, and a twelve months' bond given to Dabbs for about $650, with interest.

The defendants answer, that Dabbs did not, at the time the seizure was made, point out the land mentioned in the petition; that he has no right or title to it; and they deny, generally, all the allegations of the petition. They pray for a dissolution of the injunction, and for damages against Dabbs, and his sureties on the bond.

George W. Copley then presented a petition of intervention, setting up a title in himself to the twelve months' bond, under a transfer made before the seizure, and asking a judgment for it, and $500 damages. This intervention the judge would not permit to be filed, on the ground, that it was an indirect mode of obtaining an injunction, without an affidavit, or giving bond and security, to which opinion Copley excepted. This was at the October term of the court in 1841, and the intervenor did not then appeal from the judgment against him.

At the April term, 1842, the cause came on for trial, when the plaintiff called on Stevens, the sheriff, to testify in the case. This was objected to, as he was a party to the suit, and a heavy claim made against him for damages. The plaintiff did not offer to release him, but offered to file an amended petition, to which he attached certain interrogatories, the purpose of which was to learn from the sheriff whether he (Dabbs) did not, when called on, point

out the land mentioned, and show a patent for it. The sheriff was then in court. This the court rejected as being offered too late; the judge stating in the bill of exceptions, which was tendered and signed, that the petition was offered after the trial had begun, and the plaintiff had introduced a considerable portion of his testimony.

The injunction was dissolved, and a judgment for interest and damages given against Dabbs, and Copley and Jessup, his sureties, from which judgment they all have appealed.

In this court, Copley urges, that the court erred in rejecting his petition of intervention, and insists upon his bill of exceptions. The counsel for the defendants argues that, we cannot notice it, as Copley is not an appellant from the judgment refusing to receive it. The latter contends that he is, and refers us to the petition of appeal and bond to sustain him. In the former, Dabbs, Copley, and Jessup join, and pray for an appeal from a final judgment rendered against them at the term of the court in April, 1842. In the bond, they all bind themselves as principals, and state that they have appealed from a final judgment rendered against them, on the 30th of April, 1842. Not a word is mentioned either in the petition of appeal, or bond, about the intervention, or judgment rejecting it, in October, 1841. The claims of Copley, as set forth in his petition, are adverse to the interests of both Dabbs and Hemken, and it would be no more than right, if it were his intention to appeal, and thereby affect the rights of either, that he should give bond and security to indemnify them. The bond filed in no manner affords such indemnity.

From all the circumstances, we are bound to conclude that Copley is not an appellant from the judgment rendered against him, on his intervention, and cannot be heard in support of it now.

In the inferior court, the plaintiff offered an amended petition, praying that his cause might be tried by a jury. This was refused, and the plaintiff excepted.* The judge did not err. It is evi-

---

* The judge rejected the amended petition, on the ground that the proceeding was a summary one, in which the parties were not entitled to a jury.

dent that this was an effort to continue the cause, and obtain delay. The repeated decisions of this court, and positive legislative enactments sustain the decision of the District Judge. The claim of a constitutional right to a trial by jury in all controversies, where the amount exceeds twenty dollars, has been so long settled by this court, that it is unnecessary to comment on it now.

As to the bill of exceptions to the refusal of the judge to have Stevens sworn, as a witness, we are of opinion that he decided correctly. Stevens was not a nominal party merely. A claim for $3000 damages exists in the petition, which the plaintiff made no offer to release, and here, he still insists, that the sheriff was a trespasser. It is clear that the plaintiff had no right to call on him to testify against himself.

The amended petition was, we think, properly rejected by the judge. The cause had been at issue six months. The trial had progressed until the plaintiff had presented a considerable portion of his testimony; the amendment did not propose to set forth anything with which the plaintiff was previously unacquainted, but was only intended to appeal to the conscience of one of the defendants, after it was found that the action must otherwise fail. There was no prayer that the defendant should answer immediately in open court, although the bill of exceptions states that he was present. Had the amendment been received, the plaintiff might have insisted that the answers should have been reduced to writing, and have claimed to except to them, and have thereby interrupted the trial, and, perhaps, postponed it until the next term of the court. As a general rule, amendments should be admitted when the justice of a case will be promoted thereby; but they ought to be presented before fixing the cause for trial, or at any rate, before going into it. The case must be an extraordinary one, that will justify the reception of an amendment after the trial has commenced, and such amendment must not be calculated to produce delay. Parties must take the necessary measures to have their pleadings and evidence prepared previous to going to trial; and neither should be afterwards permitted, on finding his evidence insufficient, to present amendments and propound interrogatories to his adversary, in the desperate hope of sustaining his

case by the answers of the latter, after all other means have failed. If such a practice were permitted, the trial of nearly every contested case would be interrupted by one party or the other, and continual delays interposed to the regular business of the courts.

There is no evidence in the record to establish that the plaintiff in the injunction, ever pointed out to the sheriff any property which he refused to seize ; and this omission is somewhat remarkable, as the seizure of a part of the property was made by a deputy sheriff, who was no party to the injunction, and was not called on as a witness.

The second ground stated in the petition cannot be sustained. One seizure was made on the 20th of May, 1841, the other on the 8th of June, and the property was advertised to be sold on the 17th of July. More than the necessary delay between the seizure and sale was allowed ; and it makes no difference whether the advertisement was posted up before the expiration of the three days allowed for the notice of seizure. 19 La. 300.

As to the third ground, it appears that the sheriff had in his hands two executions in favor of Hemken, and one in favor of Dufilho, under which he made the seizures, and the advertisement so states. If, in the notices of seizure, nothing be said of a seizure under Dufilho's execution, it is no reason to arrest Hemken in the execution of his judgments.

As to the fourth ground, there is no evidence to show whether, in the first seizure, the sheriff took much property or not. The value is not stated, and we can determine nothing about it.

Upon the fifth ground, the judgment alleged to have been obtained in the Parish Court has not been produced. The petition and answer are in the record, and the statement of facts mentions that the judgment was offered also, but no copy is filed. All that is before us, are statements made by the judge as to its amount. Whether the plaintiff is entitled to compensate it against the executions enjoined, we cannot determine.

The sheriff had a right to seize sufficient property to satisfy the executions in his hands. If he did not take enough at first he had a right to seize more, whenever the deficiency was discovered, or he could find property. If he took too much, articles

652, 653 of the Code of Practice prescribe the remedy. They do not authorize an injunction. The sixth ground cannot avail the plaintiff.

The seventh and last ground seems to us no better than those that precede it. We are unable to see how the plaintiff will be deprived of his right to have the property appraised, in consequence of the sheriff advertising it to be sold for cash. It is his duty to advertise and sell for cash at the first offering, provided two-thirds of the appraised value is bid. There is no pretence that the sheriff intended to sell without appraisement. The judge, therefore, did not err in dissolving the injunction.

In this court, it is alleged that there is error in the judgment of the court in the manner of allowing interest on the judgments enjoined. Interest was added to the principal of the judgments, up to the day when the executions were enjoined, and interest at ten per cent per annum allowed on those sums, until the injunction should be finally dissolved, with $52 55 as damages on one of the executions, but no damages on the other. In computing and allowing the interest, we think the judge erred. Our views as to the allowance of interest are fully expressed in 19 La. 300, 313. When a debt bears ten per cent interest we will not increase it, but will allow, in the way of damages, whatever may be right. The defendant, also, asks us to amend the judgment in his favor, by allowing him twenty per cent damages on the whole amount of the judgments enjoined, including interest. We think it right to grant a part of his demand.

The judgment of the District Court, so far as it dissolves the injunction, is hereby affirmed, but as it relates to the allowance of interest and damages is reversed; and it is ordered, that the defendants, Hemken and Stevens, proceed on the executions enjoined, as though no injunction had been issued; and further, that Hemken have judgment against C. H. Dabbs, George W. Copley, and George Jessup, *in solido*, for the sum of three hundred dollars damages, with costs in the District Court; those of the appeal to be paid by the appellee.