## SEGOND v. REMY.

To authorise a judgment, on the dissolution of an injunction, condemning the plaintiff in injunction and his surety to pay, *in solido*, the amount of the judgment enjoined, there must be proof that the creditor had lost the amount of his judgment in consequence of the injunction.

APPEAL from the District Count of Ascension, *Nicholls*, J. *Augustin*, for the appellant. *J. Seghers*, for the defendant. The judgment of the court was pronounced by

KING, J. The defendant, *Leonine Rémy*, obtained a judgment against the succession of *Theodore Segond*, deceased, for $1,500, which was affirmed by this court in January last. See 2 Ann. Rep. p. 138. She caused a *fieri facias* to issue, the execution of which the plaintiff has enjoined in this action, alleging that, after the rendition of the judgment by the lower court, and while the cause was pending upon appeal, he discovered among the papers of *Theodore Segond*, deceased, two promissory notes for $875 each, the payment of which was assumed by *Leonine Rémy* in an authentic act, but which were in reality paid and taken up by *Theodore Segond* with his own funds, whereby he became her creditor for the sums thus paid; that he also discovered two policies of insururance, exhibiting evidence of payments made of premiums of insurance by the deceased, for the account of *Rémy*, amounting to $92. These sums, it is alleged, were due to the deceased at the time the plaintiff preferred her claim, and extinguished it by compensation, leaving a balance due, for which he asks a judgment. The defendant excepted to the jurisdiction of the District Court to annull the judgment of the Supreme Court, and pleaded the psescription of five years. The injunction was dissolved by the district judge, and a judgment rendered *in solido* against the plaintiff and surety for five per cent interest, and twenty per cent damages. The appellee asks that the judgment of the lower court be amended by condemning the plaintiff and his surety, *in solido*, to pay the amount of the judgment enjoined, and increasing the rate of interest allowed to ten per cent.

The suit in which the defendant obtained judgment against *Theodore Segond* was twice tried and taken to the Supreme Court on appeals, and the records of both appeals, with the evidence adduced on those trials, have, by the consent of counsel, been made a part of the evidence in this suit. The evidence upon which the judgment enjoined was rendered, is stated in the opinion of the court, reported in 2 Ann. Rep. p. 138. Other evidence found in the record of that case explains the origin and payment of the notes now offered in compensation and extinction of that judgment, but was not adverted to in the opinion, not being necessary to the decision of the issues then presented. It appears

that *Rémy* purchased a house and lot of one *Santos*, for $3,150. For $1,400 of the price she gave her note, endorsed by *Theodore Segond*, which she paid in 1841; and for the residue she assumed the payment of the two notes now in question, which were secured by a special mortgage on the property acquired by her. These mortgage notes were paid at their maturity on the 10th of December, 1836, by *Theodore Segond*, who appears to have retained them until his death, and they were not discovered by the plaintiff until December, 1846. The only additional fact of importance disclosed by the evidence in this case, is the discovery of the notes among the papers of *Segond* after his death. The testimony furnishes a satisfactory explanation of the reason why they remained in his possession, and repels the conclusion that he preserved them as evidences of debts due to him by the defendant. He was the confidential agent and adviser of the defendant, who is ignorant and illiterate; he transacted the most of her business, and for many years was the depositary of her earnings, which gradually accumulated in his hands until they formed a sum sufficiently large to enable her to make an investment in real estate, and he advised her so to invest it. One of the witnesses states that *Segond* purchased the house and lot for *Rémy*, and paid the price as it became due, with her funds in his hands; that he advised her to invest the balance in his hands, in rebuilding the house; that, about fifteen days before his death, he told the witness that he still had money of *Rémy's* in his hands. A second witness states that *Segond* purchased this property for the defendant, with funds of the latter, in 1836. A third witness, the vendor of the property, says that *Segond*, going out of the office of the notary before whom the act of sale was proved, observed: " You need not be uneasay about the payment of those notes; I have money in my hands belonging to *Leonine Rémy*, and I will pay them when they become due;" which was done. This evidence shows conclusively, that the notes were paid by *Segond*, with the funds of the plaintiff; that he obtained possession of them, as well as of the policies of insurance, as her agent, and not as the evidences of indebtedness to him; and that, at his death, he continued to owe her the amount of the debt enjoined. The testimony, in our opinion, clearly authorised the dissolution of the injunction, with damages.

The prayer to amend the judgment, by condemning the plaintiff and his surety to pay the amount of the judgment enjoined, cannot be allowed. The act of 1831 authorises the court, upon the dissolution of injunctions to condemn the plaintiff and surety, jointly and severally, to pay interest at the rate of ten per cent per annum on the amount of the judgment, and not more than twenty per cent as damages, unless damages to a greater amount be proved. There is no evidence before us that the defendant has lost the amount of her judgment in consequence of the injunction, which proof would have been necessary to authorise the decree now asked for. The judgment enjoined bore five per cent interest, to which rate only five per cent in addition could be allowed, on the dissolution. 19 La. Rep. 300.

*Judgment affirmed.*