## No. 4499.

### STATE ex rel. P. H. MORGAN v. J. H. KENNARD.*

The provisions of the federal constitution relative to juries in civil cases refer only to trials in the federal courts, and not to those in the State courts.

The fourteenth amendment of the constitution of the United States does not make any change on the subject of jury trials in civil suits.

The proceeding by rule is not new under the laws of this State, and whenever the Legisla-ture authorizes it, that summary form of remedy may be adopted by litigants, and the want of citation or notice can not be pleaded by defendant. The delay allowed to answer would undoubtedly be extended by the court, on proper application, if insufficient.

The State law of January 13, 1873, merely provides a more speedy remedy for the settlement of contests for judicial offices. It is not violative of section 1 of article 14 of the Constitution of the United States.

Should it even be admitted that the law authorizes the suit in the name alone of the party claiming an office, the fact that the State has joined with him in his demand, advocated by private counsel, does not invalidate the proceedings   *Utile per inutile non vitiatur.*

Although this court has not the power to decide who are the members of the General Assembly, yet the judges thereof are bound to know what assemblage of men constitute the State Legislature, for they are bound to know what are the laws of the State, in order to adjudicate upon the rights of the litigants under the law.

The constitution authorizes the Governor to convene the Legislature on extraordinary occasions. There is no reason, therefore, to maintain that art. 61 of that instrument refers only to the regular or annual sessions of the General Assembly in relation to executive appointments.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J.   *A. P. Field*, Attorney General, and *William H. Hunt*, for relator. *Semmes & Mott, Howe & Prentiss, John A. Campbell*, for respondent.

Justices concurring: Ludeling, Taliaferro, Howell.

LUDELING, C. J.   On the sixteenth day of January, 1873, the following rule was filed :

"On motion of A. P. Field, Attorney General of the State of Louisiana, herein appearing upon the relation of Philip Hickey Morgan, a resident of the parish of Orleans, and upon suggesting and giving the court to understand and be informed, as follows, viz :

"That said P. H. Morgan was nominated by the acting Governor of the State to the Senate thereof to fill the office of Associate Justice of the Supreme Court of the State of Louisiana ; that his said nomination was duly confirmed ; that he was commissioned thereto on the fourth of January, 1873 ; that he has taken and subscribed the oath required by law ; that he is entitled and empowered to execute and fulfill the duties of said office according to law, and to have and to hold said office, with all the powers, privileges and emoluments thereof. And on further suggesting that John H. Kennard, also a resident of said parish, unlawfully holds said office, and executes the duties

---

* The cases of P. H. Morgan v. Kennard, Bonner v. Lynch, F. Collin v. J. W. Knoblock, J. W. Knoblock v. F. Collin (consolidated); Kemp v. Ellis, are published here in a connected series, in advance and out of their regular order and place, at the request of the Executive, and also on account of their public importance.

thereof, and claims the right to the office and to the powers, privileges· and emoluments thereof, it is ordered that said John H. Kennard show cause on Saturday, January 18, 1873, at eleven o'clock A. M.,. why it should not be forthwith decreed and adjudged that he is unlawfully holding and exercising the duties of said office of Associate Justice of the Supreme Court of the State of Louisiana, and the said P.. H. Morgan be decreed and adjudged entitled thereto."

On the day on which said rule was made returnable, the eighteenth· of January, John H. Kennard filed the following exception :

" And now comes John H. Kennard, and excepts that there has been no citation issued herein, or served on him in this case, and prays to· be hence dismissed with costs." The exception was overruled by the court a qua; and then the defendant filed the following exceptions and answer, to wit :

" Now comes John H. Kennard, defendant in this suit, and excepts· to the rule herein taken by A. P. Field, Attorney General, on relation of P. H. Morgan, on the ground that said proceeding by rule, in manner and form as set forth in said rule is not authorized by law, and further that the act of fifteenth January, 1873, entitled 'An Act to· regulate proceedings in contestations between persons claiming a judicial office' as to its first section is unconstitutional and void, not being in conformity to the title of said act. And further, that said act is prospective and does not apply to pending litigation. And further,. that said act in relation to sections two and three is unconstitutional, as it authorizes proceedings which amount to a denial of justice. And further, that if said act is to be construed as applicable to suits instituted prior to its passage, it is retroactive and void, as violative of article 110 of the constitution.

In case these exceptions be overruled, and not otherwise, for answer to said rule this respondent avers that he was duly appointed by the Governor of this State to the office of Associate Justice of the Supreme Court of the State of Louisiana on the third of December, 1872, vice W. W. Howe, resigned, during the recess of the Senate, and that on the same day he was duly qualified and took possession of said office, having complied with all legal requirements, and his term of office has not yet expired."

The exceptions were overruled on the eighteenth of January, 1873 ; and the trial of the rule, which had been fixed for the eighteenth of January, 1873, was commenced, and was continued to Monday, the twentieth instant.

On the twentieth January the following amended and supplemental answer and prayer for jury was filed : " Now comes J. H. Kennard and for further answer prays for a trial by jury, and pleads that the said act of the Legislature, under which relator, P. H. Morgan, claims.

State ex rel. Morgan v. Kennard.

to proceed, is null and void, as violative of section one, article fourteen, of the Constitution of the United States, which forbids any State from making any law, which shall abridge the privileges and immunities of its citizens, and prohibits any State from depriving any person of life, liberty, or property, without due process of law, or to deny to any person within its jurisdiction the equal protection of its laws, and if said law is void, this court has no jurisdiction to proceed by rule in the manner and form as set forth in said rule."

The prayer for a jury was refused by the judge *a quo* on the grounds that it was made only on the twentieth of January, after the trial of the case had been commenced on the eighteenth and continued for trial to the twentieth, and because the act of the fifteenth of January, 1873, forbids it. The trial was concluded on the twentieth day of January and judgment was rendered in favor of the relator and against the defendant on the same day. The defendant has appealed.

During the course of the trial several bills of exceptions were taken to the rulings of the District Judge, which we will proceed to notice.

The first bill of exceptions is to the refusal of the prayer for a jury, on the ground that the defendant was entitled thereto under the constitution of the United States. It was decided by this court as early as 1818, that the provisions of the federal constitution relative to juries refer only to trials in the federal courts, and not to those in the State courts. Maurice *v.* Martinez, 5 Mart. 436. And in Dobbs *v.* Hemken, decided in 1842, this court said : "The claim of a constitutional right to a trial by jury in all controversies where the amount exceeds twenty dollars, has been so long settled by this court, that it is unnecessary to comment upon it now." 3 Rob. 126.

In the case of the City Bank v. Banks et al. Chief Justice Eustis said : "The trial by jury in criminal cases is guaranteed by the Constitution ; in civil cases it rests with the Legislature alone, and they have provided that certain classes of cases shall be tried without the intervention of juries." 1 An. 419.

But even if the defendant had been entitled to a trial by jury, he had forfeited his right by not claiming it in time. Code of Practice, articles 494, 495 ; 2 An. 651, Louisiana State Bank v. Ledoux et al. ; and 3 An. 198.

We do not think that the fourteenth amendment of the Constitution of the United States makes any change on the subject of jury trials in civil suits.

The plaintiff offered in evidence the following documents :

*First*—Extracts of the minutes of the executive session of the Senate of the State of Louisiana, held January 4, 1873.

*Second*—List of the Senate of Louisiana, certified by P. G. Deslonde, Secretary of State.

*Third*—An official notice in the New Orleans Republican, of December 9, 1872, on the fifth page thereof, being compiled returns signed by John Lynch and others, returning officers, declaring certain persons ·elected Senators of the State of Louisiana.

*Fourth*—The record in the case of the State ex rel. Attorney General, etc., v. Jack Wharton and others, No. 18 of the Superior District ·Court.

To the introduction of each and every one of said documents the ·defendant objected on the ground that the evidence was irrelevant. The objection was overruled and the evidence was received. We are of opinion that the evidence was properly received.

The defendant alleged in his answer that he had been appointed, during the recess of the Senate, to fill the vacancy created by the ·resignation of Mr. Justice Howe, and "that the term of his office had not yet expired," claiming that under article sixty-one of the constitution his commission did not expire until "the end of the next session" ·of the Senate. It was pertinent, therefore, to prove that there had ·been a session of the Senate, and that that Senate had confirmed the ·appointment of the plaintiff. The fact that subsequently, during the ·adjournment of the court, the counsel for defendant did not question the fact there had been a Senate of the State of Louisiana in session, ·but contented themselves in simply contending that there had been but one session of the Legislature, which was still continuing, does not make the evidence offered less germane to the issues in this case. Nor is it a reason to reject the evidence that we might have taken judicial cognizance of the fact that there had been an extra session of the Legislature subsequently to the appointment of the defendant. Considering the technical objections which have been urged to prevent a trial on the merits of the case, it is not surprising that extraordinary prudence should have been exercised by the plaintiff in the introduction of evidence in support of his case.

We will notice the several exceptions urged against this suit. The first relates to the want of a citation. The form and manner of bringing litigants into court is a matter entirely within legislative control. Code of Practice, article 97, declares: "Civil actions may be prosecuted, according to the nature of the case, by three kinds of proceedings, to wit: ordinary, executory and summary." Article 98 declares that "the proceedings are ordinary when citation takes place, and all the delays and forms of law are observed. They are executory when seizure is obtained against the property of the debtor, without previous citation, in virtue of an act or title importing confession of judgment, or in other cases provided by law.

"They are summary where carried on with rapidity, and without the observance of the formalities required in ordinary cases, as when

16

courts provide for the administration of vacant successions and the property of minors and absent heirs."

In the case of City of New Orleans v. Elijah Cannon, the defendant was sued for the city tax of 1853, and was cited under the thirty-fifth section of the consolidation act of 1852, which substituted, in lieu of petition and citation, the constructive service, by advertisement, of the tax bill in the official newspapers of the city. Mr. Justice Voorhies, being the organ of the court, held that such proceeding, in the absence of petition and citation, are not unconstitutional, and that " summary proceedings clearly fall within the term ' due process of law.' " 10 An. 764, 767.

In 11 An. 375, Chief Justice Merrick, as the organ of the court, said : " It is in the power of the Legislature to determine in what manner parties may be brought into court, and we have recently decided, in regard to city taxes, that a decree rendered upon such notice is obligatory." The proceeding by rule is not new under the laws of this State ; and whenever the Legislature authorizes it, that form of remedy may be adopted by litigants. The delays allowed by the new law are in no sense in conflict with the constitution of the United States. The delay of one day to answer, if insufficient, would undoubtedly be extended by the court, if requested to do so. The Code of Practice provides that " when the defendant appears, he may pray for further time to answer, and the court may grant further delay if necessary for the purposes of justice." Art. 316.

The exception that the law of January 13, 1873, violates section one of article fourteen of the constitution of the United States is utterly without foundation. It merely provides a more speedy remedy for the settlement of contests for judicial offices. It is based upon sound considerations of public policy.

The maintenance of the rights of person and property, the preservation of the public peace, security and order depend upon the prompt, certain and uninterrupted administration of law. In order to secure such administration of the law, it is essential that those who exercise power should be clothed with unchallenged authority. For this purpose, no doubt, the Legislature of Louisiana passed the law, providing for a speedy trial and settlement of conflicting claims of persons to judicial offices. In Rice v. De Buys, this court said : " Necessity appears to require that the possession of the elective offices shall be determined without the delays of an ordinary law suit." 5 An. 398. In Borgstede v. Clark the court said : "But in this proceeding no appeal is permitted, no matter what may be the pecuniary value of the office. In the case of De Buys the constitutionality of this provision of the statute was debated. We sustained its constitutionality, and refused to entertain an appeal, because we considered the contest a

matter of public concernment, and not a law suit between individuals." 5 An. 732.

Another exception to the mode of proceeding is that the suit should have been in the name of the claimant Morgan alone, and not in the name of the State, etc.

We deem it sufficient to state that Morgan is a party plaintiff with the State, and he has been represented by private counsel in both courts; if it be conceded, therefore, that the new law authorized the suit in the name alone of the party claiming the office, the State having been joined with him in his demand did not invalidate the proceedings—"*utile per inutile non vitiatur.*" But see 5 Wheaton 291; Wallace v. Anderson, 5 An. 732; State ex rel. Wickliffe vs. Delassize, 12 An. 711.

· The other exceptions are equally without foundation.

The title of the law does indicate sufficiently its object, and the law was not designed to have any retroactive effect. ·

The suit was instituted on the sixteenth of January, 1873, after the promulgation of the law in question, which was in operation, by the terms of the law, "from and after its passage."

On the merits, the question is, have the ·plaintiffs proved their demand; have they shown that P. H. Morgan was appointed and confirmed to the office of Associate Justice of the Supreme Court of the State of Louisiana? The public is concerned in knowing this fact.

To determine that question, it is necessary to know if his appointment was made by the Governor of the State, and if that appointment has been confirmed by the Senate of the State?

The appointment was made by P. B. S. Pinchback, who signs the commission as acting Governor of the ·State of Louisiana. Was he acting Governor of the State? We have no doubt of the fact. He was elected President of the Senate in December, 1871, after the death of Lieutenant Governor Dunn. As such he became Lieutenant Governor, during the unexpired term of Oscar J. Dunn. Section 1560 of the Digest of the Statutes of this State provides that "in case of the vacancy in the office of Governor, the Lieutenant Governor shall be Governor; in case of vacancy in the office of Lieutenant Governor, the Senate shall elect a president, who shall be Lieutenant Governor." Page 142.

The law does not say during his senatorial term, but that he "shall be Lieutenant Governor." If the Governor had died or resigned the day after, the Lieutenant Governor would have become Governor. Can it be pretended that under those circumstances the office of Governor would have become vacant by the expiration of the time for which P. B. S. Pinchback had been elected a Senator? We think not.

He was Lieutenant Governor when Governor Warmoth was im-

peached by the House of Representatives. During his impeachment the Governor was suspended, and the "powers and duties of the office devolved upon the Lieutenant Governor." Constitution of La., art. 53.

Was the Senate, which confirmed P. H. Morgan, the Senate of the State of Louisiana?

It was composed of persons, returned as elected, to the Secretary of State, by the returning officers recognized by this court to be the legal returning officers at the late election. Constitution, art. 46.

It was organized at the State House by those whose names had been furnished by the Secretary of State to the Secretary of the Senate, in accordance with the election law of this State; it was presided over by the Lieutenant Governor, and subsequently it was recognized by the acting Governor of the State, as a part of the General Assembly. It is tacitly admitted by the defendant that the body of men who confirmed the appointment of Morgan is the Senate, for he attacks a law, under which this suit is brought, enacted by the General Assembly of which this Senate forms a part, not on the ground that the act was not passed by the Legislature, but on the ground that the law violates the constitution of the State and of the United States.

Though we have not the power to decide who are the members of the General Assembly, yet, we, as judges, are bound to know what assemblage of men constitute the State Legislature, for we are bound to know what are the laws of the State, in order to adjudicate upon the rights of litigants under the law.

We are of opinion, therefore, that P. H. Morgan was duly appointed and confirmed Associate Justice of the Supreme Court, vice W. W. Howe, resigned.

But it is contended that during the recess of the Senate John H. Kennard was appointed Associate Justice of the Supreme Court, to fill the same vacancy, and that the term of his office has not yet expired. Article 61 of the constitution declares "the Governor shall have power to fill vacancies that may happen during the recess of the Senate, by granting commissions, which shall expire at the end of the next session thereof, unless otherwise provided for in this constitution," etc.

We deem it unnecessary to decide, in this case, whether or not the commission of the defendant would entitle him to hold the office, after the appointment and confirmation of another person to the same office, until the end of the next session of the Senate; for, in this case, it is shown that a session of the Senate was held after the defendant's appointment was made, and that that session ended on the sixth day of January, 1873, and before the meeting of the regular session of the General Assembly. The language of the constitution seems too clear to admit of but one construction—" until the end of the next session

of the Senate." It is not denied that there was an extra session of the General Assembly convened on the ninth day of December, 1872; but it is contended that the constitution in article sixty-one refers to ordinary or regular sessions. The constitution authorizes the Governor to convene the Legislature on extraordinary occasions. There is no reason therefore to say that article 61 refers only to the regular or annual sessions of the General Assembly—and we can not construe article 61 in the manner contended for by the defendant, without interpolating the words regular or ordinary in the article—which, of course, we can not do. It is manifest from article 75 of the constitution that it was the intention of the framers of the constitution that the judges of the Supreme Court should be appointed by the Governor, "with the advice and consent of the Senate," and article 61 provides for a contingency which might arise, but it limits the duration of the commission of the officer, appointed when the advice of the Senate could not be had, to the end of the "next session of the Senate," during which session the Governor can, if he wishes, have the advice of the Senate. This limitation was a restriction upon the power conferred upon the Governor *ex necessitate rei.*

There is no merit in the defense.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed with costs of appeal.

———

HOWELL, J., *concurring.* In addition to the reasons given by the Chief Justice in this case, in which I concur, I desire to say that the right or title of either party to the office in controversy is fixed and governed by the Constitution of this State, and is in no manner dependent on, or affected by, the act approved fifteenth of January, 1873, which simply relates to the form of proceeding in certain cases, and if it should be unconstitutional in any or all of its provisions, we would still, I think, under our Constitution and laws, have the power to say who is *prima facie* entitled, without a judicial investigation by an inferior tribunal, to a seat with us on the Supreme Bench.

The Constitution of the State provides that the Supreme Court shall be composed of one Chief Justice and four Associate Justices, a majority of whom shall constitute a quorum; they (the five) shall be appointed by the Governor, with the advice and consent of the Senate, for the term of eight years (article 75); when a vacancy happens during the recess of the Senate the Governor has the power to fill it by granting a commission, which shall expire at the end of the next session of the Senate (article 61); all commissions shall be in the name and by the authority of the State of Louisiana, and shall be

State ex rel. Morgan v. Kennard.

sealed with the State seal, signed by the Governor, and countersigned by the Secretary of State (article 72).

Under these provisions the right of the plaintiff, P. H. Morgan, to a seat as Associate Justice of the Supreme Court, by virtue of a commission, showing his appointment by the Governor, with the advice and consent of the Senate, vice W. W. Howe, resigned, when he presented it (with an oath of office) after the expiration of the extra session of the Legislature convened on the ninth of December, 1872, was clear. The defendant's commission was issued under article sixty-one of the constitution, and by that article could have vigor, at the best, only until the expiration of the above mentioned session, which occurred before the plaintiff claimed his seat, and we could rightfully have admitted him, or rather could not rightfully have prevented him, had he insisted on taking his seat. His right *prima facie* at least was equal to that of either one of us. We are bound to know who compose the Supreme Bench, and we knew the rights of these parties before this suit as well as we do now.

But as each member of the Supreme Court must be appointed by the Governor, with the advice and consent of the Senate, for the constitutional term, it follows, in my opinion, that a commission in due form, showing that an appointment to fill an unexpired part of such term has been made, with the advice and consent of the Senate, is, at least, *prima facie* evidence of the right to the immediate possession of such office, whether the session of the Senate had expired or not at which such appointment had been confirmed. The appointment by the Governor without the aid of the Senate is in its nature and essence provisional only, and is necessarily and immediately superseded by a subsequent appointment made with such aid, it being the mode of appointment specially provided by the constitution for the Supreme Court.

In my opinion the defendant has, by his pleadings, clearly admitted the legality and validity of the authority under which the plaintiff, Morgan, claims the office of Associate Justice. He does not directly assail the commission issued to the plaintiff, the official capacity of those who signed it or the legality of the Senate which confirmed the appointment, or of the Legislature which enacted the law under which these proceedings were instituted. Yet as his exceptions and answer might possibly be construed in reference to plaintiff's allegations, so as to raise the question, I think it not inappropriate for this court to express an authoritative opinion thereon in this case. It is confirmatory of the pleadings and facts of the case.

No question is raised as to notice of the rule, service of which was made on defendant, else he would not have been in court.

I really can not see any reasonable ground of defense.

WYLY, J., *dissenting*. This is a contest for the office of Associate Justice of the Supreme Court. The proceeding is under act approved fifteenth of January, 1873, entitled " an act to regulate proceedings in contestations between persons claiming a judicial office." This act provides that if the incumbent shall refuse to vacate the office, the " person so commissioned shall have the right to proceed by rule. * * * Such rule shall be taken contradictorily with such incumbent, and shall be made returnable within twenty-four hours, and shall be tried immediately, without jury, and by preference over all other matters or causes depending in such court, and the judgment therein shall be signed the same day of rendition. That either party to such rule may take an appeal from the judgment thereon, but such appeal shall be applied for within one legal day from the rendition of the judgment on such rule, and shall be made returnable to the Supreme Court within two days. The appeal shall be taken up in the Supreme Court by preference over all other cases, immediately on the application of either party, and the judgment thereon shall become final after the expiration of one legal day, whether judicial or not."

This law was approved on the fifteenth day of January, 1873, and on the next day the plaintiff filed the following motion or rule which I copy verbatim :

" On motion of A. P. Field, Attorney General of the State of Louisiana, herein appearing upon the relation of Philip Hickey Morgan, a resident of the parish of Orleans, and upon suggesting and giving the court to understand and be informed, as follows to wit :

That said P. H. Morgan was nominated by the acting Governor of the State to the Senate thereof, to fill the vacancy of Associate Justice of the Supreme Court of Louisiana; that his said nomination was confirmed; that he was commissioned thereto on the fourth of January, 1873; that he has taken and subscribed the oath required by law; that he is entitled and empowered to execute and fill the duties of said office according to law, and to have and to hold said office, with all the powers, privileges and emoluments thereof;

And on further suggesting that John H. Kennard, also a resident of said parish, unlawfully holds said office and executes the duties thereof, and claims the right to the said office, and to the powers, privileges and emoluments thereof;

It is ordered that said John H. Kennard show cause on Saturday, January 18, 1873, at 11 o'clock, A. M., why it should not forthwith be decreed and adjudged that he is unlawfully holding and exercising the duties of said office of Associate Justice of the Supreme Court of the State of Louisiana, and the said P. H. Morgan be decreed and adjudged entitled thereto."

On the eighteenth of January, 1873, the defendant filed the following

exception, to wit: "And now comes John H. Kennard and excepts. that there has been no citation issued herein, or served on him in this case, and prays to be hence dismissed with costs."

On the same day the following exception and answer was also filed, to wit:

"Now comes John H. Kennard, defendant in this suit, and excepts to the rule herein taken by A. P. Field, attorney general, on the relation of P. H. Morgan, on the ground that said proceeding by rule in manner and form as set forth in said rule is not authorized by law, and further that the act of the fifteenth of January, 1873, entitled 'an act to regulate proceedings in contestations between persons claiming a judicial office,' as to its first section is unconstitutional and void, not being in conformity to the title of said act.

And, further, that said act is prospective and does not apply to pending litigation.

And, further, that said act in relation to sections two and three is unconstitutional, as it authorizes proceedings which amount to a denial of justice.

And, further, that if said act is to be construed as applicable to suits instituted prior to its passage, it is retroactive and void as violative of Article 110 of the Constitution.

In case these exceptions be overruled and not otherwise, for answer to said rule this respondent avers that he was duly appointed by the Governor of the State to the office of Associate Justice of the Supreme Court of the State of Louisiana on the third day of December, 1872, vice W. W. Howe, resigned, during the recess of the Senate, and that on the same day he was duly qualified and took possession of said office, having complied with all legal requirements, and his term of office has not yet expired."

On the same day, Saturday, January 18, 1873, these exceptions were overruled by the court and the case was continued for trial till Monday, the twentieth of January, 1873, on which day the defendant filed the following supplemental answer, to wit:

"Now comes J. H. Kennard and for further answer, prays for a trial by jury, and pleads that the said act of the Legislature under which the relator, P. H. Morgan, claims to proceed, is null and void as violative of section one, article fourteen of the constitution of the United States, which forbids any State from making any law which shall abridge the privileges or immunities of its citizens, and prohibits any State from depriving any person of life, liberty or property, without due process of law, or to deny to any person, within its jurisdiction, the legal protection of its laws; and if said act is void this court has no jurisdiction to proceed by rule in the manner and form as set forth in said rule."

On the same day the prayer for trial by jury was refused, the case was tried and judgment entered up for the plaintiff. The defendant immediately took this appeal.

I have copied all the pleadings and noted the orders of court, because I differ with the majority of the court as to an issue upon which they pass, which issue I maintain is not raised in the pleadings; therefore all that the majority of the court say in reference to that point, to wit: the legality of the Pinchback government, is in my judgment a mere *obiter dictum*, and utterly without judicial effect.. The evidence upon which the observation of the court on this point is based was excepted to by the defendant on the ground of irrelevancy. It being offered to prove an issue not raised by the pleadings, I think the exception was well taken and the evidence should not have been received. Having copied the pleadings I now copy the bill of exceptions, in order that it may appear whether the evidence excepted to was pertinent to the issues made up by the plaintiff and the defendant. It is as follows :

"Be it remembered that on the trial of this cause the defendant filed a prayer for a jury, as by the said prayer in the record will more fully appear ; but the court overruled the said application, and refused to permit the defendant to have said jury, to which ruling the defendant then and there excepted, on the ground that he was thereto entitled by the constitution of the United States.

And be it further remembered that in the trial of this cause the plaintiff offered in evidence the following documents.

*First*—" Extract of the minutes of the extra session of the Senate of the State of Louisiana, held January 4, 1873," and hereto annexed:

*Second*—" List of the Senators of Louisiana, certified by P. G. Deslonde, Secretary of State," and annexed hereto.

*Third*—" An official notice in the New Orleans Republican of December 9, 1872, on the fifth page thereof, being compiled returns signed by John Lynch and others, returning officers, declaring certain persons elected Senators of the State of Louisiana," and hereto annexed.

*Fourth*—" The record in the case of the State ex rel. Attorney General vs. Jack Wharton and others, No. 18 of the Superior District Court."

And to the introduction of each and every one of said documents the defendant objected, on the ground that the same, and each of the same, were irrelevant thereto; but the court in each instance overruled the objection, and admitted said documents, severally, in evidence; and to said rulings, and each of them, the defendant then and there duly excepted, and reserves this his bill.

The prayer for jury was asked only on the twentieth instant, and

after the case had been begun on the eighteenth and continued, and the court on this account and because the law was not deemed unconstitutional, denied the prayer.

Now what are the issues? It is alleged in the rule that on the fourth January, 1873, P. H. Morgan was duly appointed by the Acting Governor and confirmed by the Senate; that he has taken the oath of office, and is entitled to the possession of the office of Associate Justice; that J. H. Kennard unlawfully holds said office, and claims the right to exercise it, and also the privileges and emoluments thereof. Upon these averments it is asked that Kennard be decreed to be unlawfully holding said office, and that Morgan be adjudged entitled thereto.

To this the defendant has not pleaded the general denial. He simply excepts to the form of the proceedings; pleads the unconstitutionality of the act of fifteenth January, 1873, and alleges that on the third day of December, 1872, he was appointed to said office by the Governor, during the recess of the Senate; that he qualified and took possession thereof, and that "his term of office had not yet expired."

Under these simple issues what relevancy can be found for the introduction of a document containing a list of the Senators certified by Deslonde, Secretary of State; an extract from the New Orleans Republican showing the compiled returns signed by John Lynch and others, declaring certain persons elected Senators of the State; and the record of the case of the State ex rel. Attorney General v. Jack Wharton and others?

Why should this case be encumbered with such documents, which have no more relevancy to the issues presented by the parties than they have to any other law suit pending in any of the district courts of the parish of Orleans?

Indeed if these documents are pertinent to the issues of this case, then we had as well abolish the rule that proof may be refused for irrelevancy, that the plaintiff can not prove what he has not alleged.

The list of the Senators, the returns of John Lynch and others, and the case of Jack Wharton, have no more to do with the allegations of the plaintiff and the defendant in this suit, than the list of the jurors of the First District Court, the returns of the Presidential electors and any transcript that may be found in the clerk's office of the Supreme Court would have to do with it.

The defendant does not plead that the statute of the fifteenth of January, 1873, is void, for want of authority in its authors to act as members of the General Assembly; nor does he aver that the commission issued to P. H. Morgan is invalid because Pinchback had no authority to act as Governor; no such issues have been made by the pleadings.

The questions are, is the act of fifteenth January, 1873, providing a remedy so summary, constitutional, and is the term of office of J. H. Kennard expired?

Believing that these are the issues presented in this case, I feel constrained to express my opinion that the observations of the majority of the court in regard to the late Acting Governor of the State, the organization of the General Assembly, and the legality of the late extra session thereof, are remarks not necessary to the decision of this case, and are merely opinions outside of the issues involved in this controversy, and therefore not obligatory.

I find that the first section of the act of the fifteenth of January, 1873, declaring that the commission is *prima facie* proof of the right of the holder to the immediate possession of the office, is not covered by the title: "An act to regulate proceedings between persons claiming a judicial office," and for that reason it is repugnant to article 114 of the constitution and void.

I find from the record that there was no citation, service of citation, or anything equivalent thereto; and that the defendant was not served even with a copy of the rule upon which this action is based. His exception on this ground was undoubtedly well taken.

Citation, or some notice equivalent thereto, is the foundation of the action; and a proceeding without it is utterly void, unless the defendant waives it and voluntarily enters an appearance. C. P. 206.

The act of fifteenth January, 1873, authorizing the proceeding by rule, does not dispense with the law requiring citation or notice. On the contrary, it declares that "such rule shall be taken contradictorily with such incumbent, and shall be made returnable within twenty-four hour hours, and shall be tried immediately without jury," etc. I understand from this statute that citation or notice of the rule shall be served, and that it shall be returnable within twenty-four hours from the time of service. This seems to be a fair interpretation of the statute, because it must be construed with reference to article 206, C. P., and other laws requiring notice of judicial proceedings.

If the law, however, requires the rule to be returnable within twenty-four hours from the time it is filed, and the trial to begin immediately, I think it contravenes the constitution of this State and the constitution of the United States, because a proceeding under it would practically deny the defendant of some legal right without due process of law. Due process of law implies a fair hearing before judgment. Cooley's Constitutional Limitations, page 353 et seq., and authorities there cited.

To be a fair hearing, there must be legal notice of the demand, and a reasonable delay allowed for preparing the defense.

In my opinion, the statute under which this rule is taken does not

allow such delay. It authorizes a proceeding by which the defendant in this case is deprived of his legal right to the office of Associate Justice of the Supreme Court without due process of law.

The defendant is deprived of a legal right without citation or legal notice of the proceeding, and without reasonable delay to prepare and make his defense.

The statute as applied to this case, in my judgment, contravenes the constitution of this State and the constitution of the United States, and it is therefore void. On this ground I think the demand of the plaintiff should be dismissed.

On the merits I find that the defendant was duly commissioned as Associate Justice of the Supreme Court on the third of December, 1872, during the recess of the Senate; that he took the required oath of office and entered regularly on the duties thereof. He was appointed under Article 61 of the Constitution, which declares that " the Governor shall have power to fill vacancies that may happen during the recess of the Senate, by granting commissions, which shall expire at the end of the next session thereof." * * * * Article 17 declares that " the General Assembly shall meet annually on the first Monday of January." * * * * Article 64 provides that the Governor " may on extraordinary occasions convene the General Assembly." * * * * Now in order to ascertain whether the term for which the defendant was appointed has expired, it is necessary to determine the exact meaning of that part of Article 61 which says his term "shall expire at the end of the next session" of the General Assembly. Does it mean at the end of the next regular session or the end of the next extra session? Was that clause used in reference to Article 17 fixing the beginning of the regular sessions on the first Monday of January annually; or was it used in reference to Article 64, giving the Governor the right, on extraordinary occasions, to convene the General Assembly? I believe the clause was used with reference to the regular sessions provided for in the Constitution, and not in reference to such extra sessions as extraordinary occasions might demand; that Article 61 refers to the normal state of things and not to the extraordinary or abnormal. As the regular session, beginning on the first Monday of January, 1873, has not yet expired, I believe the term for which Judge Kennard was appointed, under Article 61 of the Constitution, has not expired, and, therefore, the action of the plaintiff is premature, and his demand should be rejected.

For the reasons stated I feel constrained to dissent in this case.

Writ of error to the Supreme Court of the United States, granted by Judge Bradley, and filed Feb. 5, 1873.