(38 South. 560.)

No. 15,242.

MARTIN et al. v. HANSON et al.*

(March 27, 1905.)

PLEADING—PETITION—AMENDMENT—NEW DEMAND.

1. The petition cannot be amended so as to add a new demand which has come into existence since the filing of the suit.

2. Especially, this cannot be done after the trial of the case has been closed.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by F. Martin and others against G. & J. Hanson. Judgment for plaintiffs, and defendants appeal. Modified.

Edward Stanley Whitaker and Foster, Milling, Godchaux & Sanders, for appellants. J. Zach Spearing, for appellees.

PROVOSTY, J. Plaintiffs complain of trespass upon their land by the cutting of timber.

Defendants excepted that although the lands described in the petition consist of numerous separate tracts, situated in two parishes, the petition fails to disclose when and where the alleged trespass occurred, and the quantity of timber deadened, felled, or removed from each tract.

Prior to the trial of the exception the plaintiffs filed a supplemental petition alleging that the trespass occurred "from about the latter part of 1899 to the date of filing of plaintiffs' petition herein" (August 28, 1902), and that the defendants were con-

---

*Rehearing denied May 22, 1905.

tinuing to deaden, fell, cut, and remove timber, "particularly from the lands described under subdivision 'i' in plaintiffs' original petition, from which said lands most, if not all, the timber referred to in plaintiffs' original petition and in this supplemental petition have been deadened, felled, cut, removed, and taken away."

The exception was tried on January 23, 1903, and was, in the words of the court, "maintained only in so far as to order plaintiffs to amend their pleadings in accordance with the views expressed by the court." The "views" referred to were as follows:

"By the Court: The court rules that the plaintiffs are ordered to amend their petition by showing the amount of timber taken from each subdivision, and in default of amendment the court will restrict proof on the trial of the case to the timber taken from subdivision 'i' of the lands."

Plaintiffs failing to amend, the defendants on Feb. 17, 1903, with reserve of their exceptions, filed an answer.

The answer, after pleading the general issue, denies that the defendants have deadened, cut, removed, or taken away from the lands described under subdivision "i" any trees or timber belonging to plaintiffs, and avers that John Hanson, from whom plaintiffs allege they acquired the land described under subdivision "i," did, on July 17, 1900, prior to the date of plaintiffs' acquisition of said land from said Hanson, sell to one Coguenhem, by deed duly recorded, the very lands described under said subdivision, "i," and that by various mesne conveyances and contracts defendants succeeded to all the rights, title, and interests of the said Coguenhem in and to said lands.

On April 22, 1903, the case went to trial upon the merits; plaintiffs meanwhile having failed to further amend, notwithstanding the court's timely and unequivocal admonition as to restricting the proof.

Two days, namely, April 22d and April 23d, were consumed in the hearing of evidence; the testimony, in line with the previous ruling on the exception, being confined to proof by plaintiffs of their ownership and of the amount and value of the timber removed from subdivision "i."

On the second day of the trial, April 23, 1903, plaintiffs presented a supplemental petition to the judge, and asked leave to file the same. The judge said he would rule on the matter later. This took place informally, before the opening of court. Court was opened, and the judge made no ruling, and the trial was proceeded with without objection from plaintiffs, and was concluded, and the case closed, and an order was made continuing the case to May 4th for argument. As soon as this order had been made, plaintiffs formally presented the supplemental petition, and asked leave to file same. The defendant objected, and the court sustained the objection, and refused to allow the filing of the petition; stating that the plaintiffs having failed to comply with the original ruling of the court ordering the amendment, rendered three months before, such failure had the effect of nonsuiting them as to all other tracts of land described in the petition, except subdivision "i."

On May 4th, before the argument had begun, plaintiffs again asked the leave of the court to file their supplemental petition, and the court granted the permission and reopened the case; and defendant objected to the ruling, and reserved a bill of exception. On May 14th, after an exception leveled at the alleged inconsistency and vagueness of the petition had been interposed and overruled, the defendant answered to the merits, and another trial was had in the case.

The first matter calling for the attention of this court is the order permitting the second supplemental petition to be filed. We think it should not have been filed.

In their original petition the plaintiffs alleged a trespass upon lands which they described by subdivisions designated by the let-

ters of the alphabet. There being a long list of these lands, and the time and place of the trespass not being designated otherwise than that the defendants "have been for some time and are now" trespassing upon the lands, the defendants excepted on the ground that time and place should be more specifically alleged. The plaintiffs amended accordingly as to subdivision "i." The court sustained the exception as to all the subdivisions except the subdivision "i," and announced to plaintiffs that unless they further amended their petition the evidence on the trial would be restricted to that subdivision. This was on January 23d. The case did not come on for trial until April 22d. During all this time plaintiffs did not amend, nor did they offer to amend until the case was more than half tried, and they did not formally offer to amend until after they had closed the trial. The reason which they, in their brief, assign for not having included in the first amended petition the trespass complained of in the second amended petition is that it had at that time not yet occurred. But if so, it was plainly a new cause of action, and should have been set forth in a separate petition. The condition on which the Code (Code Prac. art. 419) permits amendments to be filed after issue joined is that they shall not alter the substance of the demand. This amendment admittedly set forth a new cause of action. It set forth a cause of action which was not in existence at the time of the filing of the original petition. The Code does not permit this to be done after issue joined —let alone after the trial has ended, and nothing remains but to pronounce judgment. After the trial is ended, amendments cannot be allowed. Dabbs v. Hemken, 3 Rob. 126; U. S. v. U. S. Bank, 11 Rob. 428. Especially should permission thus to amend be denied in a case where the plaintiff may just as well bring another suit.

Of the timber taken and removed by the defendants from subdivision "i," as to which alone the case can be considered as having been tried, the plaintiffs admit in their brief that they are entitled to only one-twentieth part. This twentieth part we find to be correctly computed in defendants' brief at $300. For that amount plaintiffs are entitled to judgment.

After the case had been reopened, defendants, with leave of the court, amended their answer so as to set forth a contract which they alleged entitled them to take this timber at $2.50 per M feet; but, in the same way that it was too late for plaintiffs to amend their petition, it was too late at that time for defendants to amend their answer. Plaintiffs' objection to that amendment should have been sustained.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that plaintiffs have judgment against defendants, George and Justice Hanson, in solido, for the sum of $300, with legal interest from this date, and that in all other respects their suit be dismissed as in case of nonsuit; that defendants pay the costs of this suit incurred up to May 4, 1903; and that plaintiffs pay all other costs.